SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x

JAE HYUN KIM,                :    Index No. 52083/16

                    Plaintiff,    :

  -against-                  :    **REPLY AFFIRMATION
IN FURTHER SUPPORT OF
ORDER TO SHOW CAUSE**

KIMBERLY CARTER,             :

                    Defendant.    :
-----------------------------------------------------------------x

ANDREW D. BRODNICK, an attorney admitted to practice before the Courts of the State of New York, affirms the following under penalties of perjury:

1. I represent Defendant and I submit this Affirmation in reply to Plaintiff's opposition to Defendant's Order to Show Cause pursuant to CPLR 5015(a)(l) seeking to vacate the default judgment dated September 20, 2016.

2. First, the Affirmation in Opposition of Glen A. Kurtis dated February 21, 2018 ("Kurtis Aff."), ¶ 1, alleges that he is the "attorney of record for the plaintiff" in this action.

3. Elizabeth Shollenberger, Esq. is the attorney of record for Plaintiff.

4. I note that have been advised by the White Plains City Court that Ms. Shollenberger is no longer a judge in the White Plains City Court.

5. Plaintiff's new counsel would have had to file a Consent to Change Attorney pursuant to CPLR 321(b)(1) in order for Mr. Kurtis to appear on behalf of Plaintiff in place of Ms. Shollenberger.

6. In any event, the opposition to the Order to Show Cause does not contain a single specific allegation contradicting the following set forth under oath by Defendant in the Order to Show Cause (along with photographs):

* Substituted service was made at an address which no longer constituted Defendant's address.

* The second *undated* Affidavit of Service was mailed to Defendant's prior address and not to her current address.

* An area of a floor in the Premises needed to be replaced.

* A stain existed on a portion of the floor which did not exist prior to Plaintiff's tenancy.

* A massive stain existed on another portion of the floor.

* Additional staining to the balcony floor.

* Damage to the linoleum tiles in the kitchen.

* The stains were caused by Plaintiff's three dogs urinating in the Premises, which was corroborated by the fact that there was a strong order of urine when Defendant visited the house in the summer of 2015.

* Damages sustained to the front door, doorbell unit and a light fixture.

* Plaintiff failed to pay a water bill in the amount of $935.46.

7. Plaintiff does not address *any* of the specific damages which Defendant set forth in detail, and he did not deny that he harbored three dogs in the home.

8. He states that he left the Premises in the same condition as it was when he moved in, but he does not explain the damages set forth in the Order to Show Cause. Kim Aff., ¶ 6.

2

9. He simply alleges in general terms that he left the Premises in acceptable condition.

10. Nor did Plaintiff deny that he received the email from Defendant on August 3, 2015, which delineated some of the above referenced damage, as well as additional damage, which had been sustained to the Premises. Order to Show Cause, Exhibit "Q".

11. Plaintiff would have responded in writing to Defendant if he thought the damages recited in that email had no basis in fact.

12. Plaintiff also concedes that he did not pay the last half months rent. Kim Aff., ¶ 4.

13. I also note parenthetically that if the significant damage which was sustained actually existed prior to the time Plaintiff moved in, it would have behooved Plaintiff to note said pre-existing damages in the Lease, or insist that the damage was remediated.

14. The fact that Plaintiff found an old posting regarding the fact that Defendant's former residence boarded horses is irrelevant.

15. As set forth in the accompanying Affidavit of Defendant Kimberly Carter sworn to on March 5, 2018, she is no longer involved with the horse boarding business which she and her former partner previously ran together, and instead she returned home to care for her ailing mother.

16. CPLR 5015(a)(1) (emphasis added) provides that:

> The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: excusable default, if such motion is made within one year *after service of a copy of the judgment or order with written notice of its entry upon the moving party*, or, if the moving party has entered the judgment or order, within one year after such entry; . . .

17. The record of this case does not demonstrate that notice of entry of the judgment was ever served.

18. Accordingly, Plaintiff's claim that this motion is barred under CPLR 5015(a) because it was not made within a year is incorrect.

19. In any event, motions to vacate judgments may be made after the year period set forth in CPLR 5015(a)(1) has elapsed. *Luna Baking Co. v. Myerwold*, 69 A.D.2d 832, 415 N.Y.S.2d 88 (2d Dep't 1979).

20. Accordingly, Defendant respectfully submits that she has demonstrated that service was not effectuated properly and that she never received notice of any kind regarding the action or Judgment, and further establishes that she has a valid defense to this action. *DeStaso v. Bottiglieri*, 52 A.D.3d 453, 454, 861 N.Y.S.2d 676, 678 (2d Dep't 2008) (holding that in order to avoid a default judgment defendant was required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious defense as established by affidavit); *Brickhouse Masonry, LLC v Windward Bldrs., Inc.*, 101 A.D.3d 919, 956 N.Y.S.2d 175 (2d Dep't 2012) (reversing lower court's refusal to vacate default where affidavit submitted in support of motion established potentially meritorious defenses).

21. In light of the foregoing, Defendant respectfully requests that the Judgment be vacated, that Defendant be permitted to serve an answer, together with such further relief as is just.

Dated: March 5, 2018
       Rye Brook, New York

                                             ANDREW D. BRODNICK